**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**GREGORY SHEARER,**

    **Petitioner,**

    v.                                             **CASE NO. 22-3263-JWL-JPO**

**STATE OF KANSAS,**

    **Respondent.**

## ORDER TO SHOW CAUSE

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241. The Court provisionally grants Petitioner leave to proceed *in forma pauperis*. The Court has conducted an initial review of the Petition, and, for the reasons that follow, the Court directs Petitioner to show cause why this matter should not be dismissed without prejudice.

**Background**

Petitioner is a pretrial detainee and his grounds for relief involve his state criminal proceedings. Petitioner alleges due process violations, equal protection violations, and excessive bail. His request for relief includes release and a "new trial." (Doc. 1, at 5.)

An online Kansas District Court Records search shows that Petitioner's state criminal case remains pending, and his trial has not yet occurred. *See State v. Shearer*, Case No. 21-CR-0036 (Sedgwick County District Court).

**Discussion**

A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. *See* 28

1

U.S.C. § 2254(b)(1); *see also Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) ("A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition."); *Madden v. Cleveland Cty.*, 671 F. App'x 725, 726 (10th Cir. 2016) (unpublished) ("And insofar as Plaintiff seeks habeas relief under 28 U.S.C. § 2241 from his prosecution, he is barred for failure to first exhaust available state remedies.") (citing *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief.")); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). The burden of proving exhaustion rests with the prisoner. *Madden*, 671 F. App'x at 726 (citing *Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993)).

In *Arter v. Gentry*, the Tenth Circuit agreed with the district court's decision construing a pretrial detainee's claim of excessive bail as a claim under § 2241 and denying habeas relief for failure to exhaust state court remedies, noting that the *Younger* abstention doctrine, *Younger v. Harris*, 401 U.S. 37 (1971), "compels us to avoid interference in ongoing state proceedings when the state courts provide an adequate forum to present any federal constitutional challenges." *Arter v. Gentry*, 201 F. App'x 653, 653–54 (10th Cir. 2006) (unpublished). Likewise, in *Tucker v. Reeve*, a state pretrial detainee challenged his pretrial detention, alleging state officials set excessive bond, denied him a speedy trial, and engaged in illegal searches and seizures. *Tucker v. Reeve*, 601 F. App'x 760 (10th Cir. 2015) (unpublished). The Tenth Circuit found the district court's application of the *Younger* abstention doctrine to be appropriate. *Id.* at 760–61; *see also Albright v. Raemisch*, 601 F. App'x 656, 659–60 (10th Cir. 2015) (unpublished) (dismissing § 2241 petition challenging, inter alia, violation of rights against excessive bond, for failure to exhaust state court remedies).

In *Hodson v. Reams*, the Tenth Circuit found that the district court did not err in finding

that the court must abstain from exercising jurisdiction over the petitioner's challenge to the Colorado competency statute and allegations of ineffective assistance of counsel based on the *Younger* abstention doctrine. *Hodson v. Reams*, 823 F. App'x 659, 662 (10th Cir. 2020) (unpublished); *see also Hodson v. Reams*, 729 F. App'x 661 (10th Cir. 2018) (unpublished).

Recently, the Tenth Circuit addressed the question of intervening in ongoing state criminal proceedings under *Ex Parte Royall*, 117 U.S. 241 (1886), rather than *Younger*. *See Kirk v. Oklahoma*, 2021 WL 5111985 (10th Cir. Nov. 3, 2021) (unpublished order).

> In *Ex Parte Royall*, the Supreme Court held that federal courts have habeas corpus jurisdiction to discharge a state-court pretrial detainee from custody on the basis that his detention violates the constitution. But the Court further concluded that a federal court should not exercise its discretion to exert that power except in very limited circumstances and should instead allow the state court to pass upon constitutional questions in the first instance. Acknowledging exceptions to this rule, the Court pointed to 'cases of urgency[ ] involving the authority and operations of the [federal] government [or] the obligations of this country or its relations with foreign nations.' The Supreme Court has also sanctioned federal habeas relief in a pretrial case where, rather than seeking to litigate a federal defense to a criminal charge, the habeas applicant sought to compel the state to bring him to trial. '[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'

*Id.* at *2 (citations omitted).

Applying *Ex Parte Royall* to the matter before it, the Tenth Circuit concluded that the district court did not err by abstaining from interfering in Mr. Kirk's state-court criminal proceedings because "[h]is is not a 'case[ ] of urgency' involving the imposition of state custody for commission of an act done in pursuance of federal law or under the authority of a foreign state. Nor is he seeking to compel the state to bring him to trial." *Id.*. Similarly, Petitioner's case is not within the narrow category of cases for which *Ex Parte Royall* contemplates federal-court intervention in state-court criminal proceedings by way of a writ of habeas corpus. He does not allege that the state is detaining him for committing an act done in pursuance of federal law or

3

under the authority of a foreign government, nor does he seek to compel the State of Kansas to bring him to trial.

Whether the Court considers the question under *Younger* or under *Ex Parte Royall*, Petitioner's current state court criminal prosecution does not present the sort of special circumstances that warrant federal court intervention. The *Younger* abstention conditions are present, and the circumstances considered in *Ex Parte Royall* are not. Thus, Petitioner should show good cause why his Petition should not be dismissed without prejudice to refiling after his state criminal matters are resolved and he has exhausted available state court remedies.

**IT IS THEREFORE ORDERED THAT** Petitioner is provisionally granted leave to proceed *in forma pauperis*.

**IT IS FURTHER ORDERED THAT** Petitioner is granted until **November 21, 2022,** in which to show good cause, in writing, why his Petition should not be dismissed without prejudice to refiling after his state criminal matters are resolved.

**IT IS SO ORDERED**.

Dated October 20, 2022, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE