**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**GREGORY SHEARER,**

        **Petitioner,**

        **v.**                                  **CASE NO. 22-3263-JWL-JPO**

**STATE OF KANSAS,**

        **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241. The Court conducted an initial review of the Petition and entered an Order to Show Cause (Doc. 3) granting Petitioner until November 21, 2022, in which to show good cause why this matter should not be dismissed without prejudice.

In the Order to Show Cause, the Court found that Petitioner is a pretrial detainee and his grounds for relief involve his pending state criminal proceedings. *See State v. Shearer*, Case No. 21-CR-0036 (Sedgwick County District Court). A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. *See* 28 U.S.C. § 2254(b)(1); *see also Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) ("A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition."). The burden of proving exhaustion rests with the prisoner. *Madden v. Cleveland Cty.*, 671 F. App'x 725, 726 (10th Cir. Dec. 20, 2016) (unpublished) (citing *Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993)).

1

In addition, the Order to Show Cause directed Petitioner to show cause why this action should not be dismissed under the abstention doctrine set out in *Ex Parte Royall*, 117 U.S. 241 (1886), and *Younger v. Harris*, 401 U.S. 37, 46 (1971).  The OSC explained that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional.  In 1886, the United States Supreme Court described some limited circumstances in which such intervention might be proper, *see Ex Parte Royall*, 117 U.S. at 251-52, none of which appear to exist in this matter.

In 1971, the United States Supreme Court held that a federal court should not intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger*, 401 U.S. at 46.  Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).  These three circumstances seem to be present here, making federal abstention mandatory unless extraordinary circumstances require otherwise. *See Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)).  Thus, the NOSC directed Petitioner to show cause why this matter should not be dismissed.

Petitioner filed a response to the NOSC, in which he asserts that he has exhausted all state court remedies available to him.  (Doc. 7.)  However, it does not appear that he has done so. To satisfy this exhaustion requirement, Petitioner must have presented the very issues raised in the petition currently before the Court to the Kansas appellate courts.  *See Picard v. Connor*, 404

U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B.  Petitioner has the burden to show

he has exhausted available state remedies.  *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir.

1992).  It appears Petitioner presented his arguments to the state district court, but it does not

appear he has sought relief from the state appellate courts.

Petitioner also argues that the state court's actions in enforcing the bond and refusing to

find an alternative brings the state court into direct conflict with 18 U.S.C. § 3142(c)(2) and that

federal law supersedes state law.  18 U.S.C. § 3142 is not applicable to Petitioner's prosecution

for violating state law.  It only applies in federal criminal prosecutions.

As for the abstention doctrine, Petitioner does not allege the type of extraordinary

circumstances that justify federal intervention in ongoing state criminal proceedings, such as

"'proven harassment or prosecutions undertaken by state officials in bad faith without hope of

obtaining a valid conviction.'" *Amanatullah*, 187 F.3d at 1165.  Petitioner fails to establish

extraordinary circumstances that justify federal intervention here.

Even after carefully considering Petitioner's response to the NOSC, the Court remains

convinced that this case does not involve the type of circumstances under which *Ex Parte Royall*

allows federal court intervention in a state criminal prosecution. Moreover, the three conditions

in *Younger* appear to be satisfied with respect to Petitioner's current criminal prosecution in state

court. Therefore, this Court must decline to interfere in the state court proceedings against

Petitioner.

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a

certificate of appealability ("COA") upon entering a final adverse order.  The Tenth Circuit has

held that this requirement also applies to petitions brought under 28 U.S.C. § 2241.  *See Montez*

*v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The failure to satisfy either prong requires the denial of a COA. *Id.* at 485.  The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason.  Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that Petitioner's motion for leave to proceed in forma pauperis (Doc. 5) is granted.

**IT IS FURTHER ORDERED** that this matter is dismissed without prejudice.  No certificate of appealability will issue.

**IT IS SO ORDERED**.

**Dated November 23, 2022, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE

4